IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                            Nos.  05-3393-SAC
                                       01-40086-01-SAC

MALEEK LASHAWN HUGHES,

          Defendant.

## MEMORANDUM AND ORDER

The defendant has timely filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dk. 86). The defendant also has filed a supporting motion that requests the court to furnish him with certain court records, in particular, the discovery including police reports and the transcripts from the suppression hearing and trial. (Dk. 87). The defendant's supporting motion seeks an extension of time to review the requested material. In addition, the defendant asks that his § 2255 motion be filed in forma pauperis and that he receive an extension of time to review the discovery and transcripts. (Dk. 87). Because a filing fee is not required for a § 2255 motion, the defendant's last request is denied as moot. *United States v. Knox*, 2005 WL 1259633 (D. Kan. 2005).

An indigent defendant bringing a 28 U.S.C. 2255 claim is entitled to a free trial transcript provided that a judge certifies that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. 753(f). To receive the requested transcripts, the § 2255 petitioner "must first demonstrate that his claim is not frivolous and that the transcript is needed to decide the issue presented by the suit before the court is required to provide him with a free transcript." *Brown v. New Mexico District Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar. 19, 1998) (Table) (citing *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality) (interpreting a § 2255 petition and 28 U.S.C. § 753(f)). A prisoner does not have the right to a free transcript simply to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992); *United States v. Battle*, 2000 WL 374649 at *1 (D. Kan. Mar. 9, 2000). The naked assertion of ineffective assistance of counsel without supporting factual allegations does not satisfy the requirements of § 753(f). *See MacCollom*, 426 U.S. at 326-27; *Ruark v. Gunter*, 958 F.2d at 319. Section 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist." *Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993)

The defendant's request for discovery and transcripts fails to

Case 5:01-cr-40086-SAC   Document 88   Filed 10/19/05   Page 3 of 4

articulate his need for such material in presenting his arguments. The defendant's conclusory allegations in his § 2255 motion do not demonstrate that his issues and arguments are non-frivolous. The defendant's request for discovery is summarily denied as unnecessary and frivolous. The transcripts of the suppression hearing and of the trial exist by reason of the defendant's direct appeal. The court encourages the defendant to contact his defense counsel in the underlying proceedings for copies of these transcripts. The court authorizes the defense counsel to release copies of those transcripts in their possession to the defendant on whatever terms they deem appropriate and necessary. This ruling on the defendant's request for transcripts is without prejudice to the defendant renewing his request in the event that his former counsel decline the defendant's request to release copies of the requested transcripts. The court will extend the defendant 60 days to file a memorandum supporting his § 2255 motion.

IT IS THEREFORE ORDERED that the defendant's motion for records and transcripts (Dk. 87) is denied subject to reconsideration in the event former defense counsel decline the defendant's request to release copies of the requested transcripts. The defendant's request to have his § 2255 motion filed in forma pauperis is denied as moot. The defendant shall have 60 days to file his memorandum supporting his § 2255 motion.

3

Dated this 19th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge