IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

            Plaintiff,

    Vs.                          Nos.  05-3393-SAC
                                              01-40086-01-SAC

MALEEK LASHAWN HUGHES,

            Defendant.


MEMORANDUM AND ORDER

       The defendant has timely filed a motion to vacate, set aside or correct

his sentence pursuant to 28 U.S.C. §  2255.  (Dk. 86).  The defendant recently filed

a motion asking the court to appoint him counsel and to grant his counsel access to

the grand jury proceedings.  (Dk. 89).  The defendant represents that his original

appointed trial counsel, whom he discharged prior to trial, "would like to represent

him in" these § 2255 proceedings.  (Dk. 86).

       Generally, a defendant possesses no right to counsel in the

prosecution of a § 2255 motion because the right to appointed counsel extends to

the first appeal of right, and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555

(1987).  The court's appointment of a particular counsel to represent the defendant prior to trial does not obligate this same counsel to represent the defendant in the § 2255 proceeding.  Only when an evidentiary hearing is required is a defendant entitled to counsel.  *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  Rule 8(c) of the Rules Governing § 2255 Proceedings requires a court to appoint counsel "[i]f an evidentiary hearing is warranted."

An evidentiary hearing on a § 2255 motion is held "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995).  The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).  "[T]he allegations must be specific and particularized, not general or conclusory."  *Id*.  A hearing is unnecessary on the issues and arguments advanced in the defendant's motion, as the materials already of record conclusively show the defendant is not entitled to relief on those grounds.

A district court has discretion to appoint counsel in a § 2255 proceeding when "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

As the defendant concedes in his own § 2255 motion, his "case is really not that complicated." (Dk. 86, p. 12). The defendant has capably articulated and presented his claims for relief, and the merits of those claims do not appear colorable. The legal issues involved in those claims are not complex, and the critical facts are fully established by the record. The appointment of counsel to further investigate these claims seems futile. In short, the factors informing the court's exercise of discretion under § 3006A do not favor the appointment of counsel. *See United States v. Evans*, 51 F.3d 287, 1995 Wl 139420 at *1 (10th Cir. 1995); *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir.), *cert. denied*, 506 U.S. 976 (1992); *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1982); *United States v. Dillon*, 339 F. Supp. 2d 1155, 1160 (D. Kan. 2004).

The defendant's general request to review the grand jury transcripts and testimony smacks of a fishing expedition. What occurred before the grand jury does not bear on any of the issues or arguments found in his § 2255 motion. The defendant has not made any showing of particularized need to justify this disclosure.

IT IS THEREFORE ORDERED that the defendant's motion for appointment of counsel and for access to the grand jury minutes and evidence (Dk. 89) is denied.

3

Dated this 10th day of November, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge